IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

JAMES ALAN FARROW,

    Petitioner,

v.   Case No. 23-CV-158-JFH-GLJ

CASEY HAMILTON,[1]

    Respondent.

## OPINION AND ORDER

Petitioner James Alan Farrow, a state prisoner appearing *pro se*, brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the judgment entered against him in the District Court of Okmulgee County, Case No. CF-2018-19. Dkt. No. 1. Respondent Casey Hamilton has moved to dismiss Farrow's petition, arguing that Farrow failed to file it within the one-year statute of limitations prescribed in 28 U.S.C. § 2244(d)(1), and, in the alternative, that Farrow failed to exhaust available state remedies before filing the petition, as required under 28 U.S.C. § 2254(b)(1)(A). Dkt. Nos. 5, 6. Farrow has submitted a response in opposition to the motion. Dkt. No. 14. For the reasons discussed herein, the Court grants Hamilton's motion and dismisses the petition, with prejudice, as barred by the statute of limitations.[2]

---

[1] Farrow presently is incarcerated at the Great Plains Correctional Center, in Hinton, Oklahoma. The Court therefore substitutes the Great Plains Correctional Center's current warden, Casey Hamilton, in place of Steven Harpe, as party respondent. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The Clerk of Court shall note this substitution on the record.

[2] Because the Court finds that dismissal is appropriate due to the untimeliness of the petition, the Court does not address Hamilton's alternative argument.

I.     BACKGROUND

On May 21, 2018, Farrow entered a plea of guilty in the District Court of Okmulgee County, Case No. CF-2018-19, to one count of lewd molestation, in violation of Okla. Stat. tit. 21, § 1123. Dkt. No. 6-1, at 1-2.[3] The state district court sentenced Farrow that same day to a twenty-year term of imprisonment with all but the first ten years suspended. Dkt. No. 6-2 at 1. Farrow did not move to withdraw his plea within ten days of sentencing, a precondition to seeking direct review of his conviction and sentence through a certiorari appeal with the Oklahoma Court of Criminal Appeals ("OCCA"). Dkt. No. 6-3 at 3-4; *see Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012). Over two years later, on August 7, 2020, Farrow filed an application for postconviction relief in the state district court. Dkt. No. 6-4. The district court denied the application on August 18, 2020, and Farrow did not appeal the determination to the OCCA. Dkt. No. 6-5.

Farrow initiated this federal habeas action on May 15, 2023, alleging that the state court "lacked jurisdiction to accept [his] plea of guilt" because he is a member of the Cherokee Nation and his crime occurred in Indian Country. Dkt. No. 1 at 3-8. Farrow also claims his plea counsel was ineffective for failing to "investigate" or "discuss the fact" that his crime was "unenforceable against [him] because it is an Indian Major Crime, 18 U.S.C. § 1153." *Id.* at 8-9.

II.    DISCUSSION

Hamilton contends that the petition must be dismissed due to the expiration of the limitations period governing Farrow's action. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), state prisoners have one year from the latest of four triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). These events include:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[3] The Court's citations refer to the CM/ECF header pagination.

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; [and]

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D).  *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

A.     **Section 2244(d)(1)(A)**

Farrow has provided no argument regarding the commencement date of the limitations period.  Because he has not alleged facts triggering 28 U.S.C. § 2244(d)(1)(B), (C), or (D), the one-year limitations period for his petition began to run pursuant to § 2244(d)(1)(A) on the date on which his conviction became final by the expiration of his time to seek direct review.  Farrow was afforded ten days from May 21, 2018, the date of his judgment and sentence, to initiate a direct appeal by requesting the withdrawal of his guilty plea.  *See* Okla. Crim. App. R. 4.2(A).  Farrow failed to do so, and his judgment therefore became final on May 31, 2018.  The one-year limitations period for seeking federal habeas relief began to run the following day, on June 1, 2018, and

expired one year later, on June 3, 2019.[4]  Section 2244(d)(1)(A) therefore bars Farrow's federal habeas action absent statutory or equitable tolling or a showing of actual innocence.

### B.   Statutory and Equitable Tolling

Under 28 U.S.C. § 2244(d)(2), the limitations period is statutorily tolled during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim."  28 U.S.C. § 2244(d)(2).  This statutory tolling provision, however, does not apply to applications for state postconviction or other collateral review filed beyond the one-year limitations period prescribed by the AEDPA.  *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); *Anderson v. Cline*, 397 F. App'x 463, 464 (10th Cir. 2010) ("[I]t is long settled that a state court motion for collateral relief cannot restart the clock on a limitations period that has already expired.").[5]  Farrow's 2020 application for postconviction relief was filed more than a year after the expiration of the AEDPA's one-year limitations period and does not, therefore, trigger statutory tolling under § 2244(d)(2).

While the one-year limitations period may be subject to equitable tolling, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).  Nothing in Farrow's petition indicates that he diligently

---

[4]  One year from June 1, 2018, was Saturday, June 1, 2019.  Because this date fell on a Saturday, the limitations period "continue[d] to run until the end of the next day that [was] not a Saturday, Sunday, or legal holiday."  Fed. R. Civ. P. 6(a)(1)(C).  Farrow's deadline to seek federal habeas relief therefore expired on Monday, June 3, 2019.

[5]  The Court cites all unpublished decisions herein as persuasive authority.  Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

pursued his claims or that extraordinary circumstances precluded the timely submission of his action. *See Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) ("An inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (alteration and internal quotation marks omitted)). Accordingly, he is not entitled to equitable tolling.

    C.    **Actual Innocence**

Farrow argues that the untimeliness of his petition is excusable under the doctrine of actual innocence. Dkt. No. 1 at 2-3. "[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). Prisoners asserting actual innocence "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021) (quoting *House v. Bell*, 547 U.S. 518, 537-38 (2006)). A credible showing of actual innocence requires "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Farrow contends that he is actually innocent because the state statute under which he was convicted is "unenforceable against him as an enrolled member of the Cherokee Nation within Indian Country." Dkt. No. 1, at 2-3 (citing 18 U.S.C. § 1153); *see* Dkt. No. 14, at 3-4. The Tenth Circuit rejected a similar argument in *Pacheco v. Habti*, 62 F.4th 1233 (10th Cir. 2023). There, the petitioner invoked the actual innocence exception to excuse the untimeliness of her petition. She argued "that she did not commit the charged crime because she was accused of committing a crime under Oklahoma law and one element of that crime is that the crime (if, as here, committed

by an Indian) did not occur in Indian country." *Id.* at 1241-42.  The Tenth Circuit determined, however, that "the rationale behind the [actual innocence] gateway does not support its application to conviction by the wrong jurisdiction, at least in the context of [that] case." *Id.* at 1242.  The Court stressed that actual innocence, "'means factual innocence, not mere legal insufficiency,'" and that "factual innocence turns on the moral culpability of the defendant." *Id.* at 1241, 1244 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).  Because "jurisdictional elements" are "unrelated to moral culpability," the Tenth Circuit declined to apply the actual innocence exception to excuse the statutory bar on the petitioner's untimely claim. *Id.* at 1244.

As in *Pacheco*, Farrow's argument addresses the legal sufficiency of his conviction, not his moral culpability.  He does not dispute that he committed the crime of conviction or proffer evidence of his factual innocence.  Accordingly, Farrow has not demonstrated that the untimeliness of his petition is excusable under the doctrine of actual innocence.

## III.    CONCLUSION

Based on the foregoing, the Court grants Hamilton's motion to dismiss the petition [Dkt. No. 5].  In addition, the Court declines to issue a certificate of appealability because the Court finds that no reasonable jurists would debate the dismissal of the petition on statute-of-limitations grounds.  *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

ACCORDINGLY, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall note on the record the substitution of Casey Hamilton in place of Steven Harpe as party respondent;

2. Hamilton's motion to dismiss [Dkt. No. 5] is GRANTED;

3. the petition for writ of habeas corpus [Dkt. No. 1] is DISMISSED with prejudice as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations;

4. a certificate of appealability is DENIED; and

5. a separate judgment shall be entered in this matter.

Dated this 16th day of September 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE